Judge Owsley
delivered the opinion of the court.
This was an action of debt brought by Morton, as assignee of David Williamson, upon any obligation given to Williamson by the appellees.
The appellees pleaded obligation was given in consideration of lottery ticket a lottery of David Williamson, or scheme for the ation of property, unauthorised by law, &c.
The appellant, Morton, replied that before the obligation became due and payable, being ignorant of the consideration for which it was given, and having an opportunity of returning it to Williamson and obtaining satisfaction therefor, he applied to the appellees to know whether the obligation was good, and would be punctually paid if the appellant should retain it; and avers that the appellees did then and there assure the appellant that the obligation was good, and would be punctually paid, and in faith of those assurances the appellant retained the obligation until it become payable, at which time the said Williamson had became insolvent and unable to indemnify the appellant therefor, &c.
To this replication the appellees demurred, and the appellant *138 having joined in demurrer, judgment was rendered against the appellant in bar of his action.
The consideration of such bond must be impeached by special plea. If such bond be assigned and the assignee is induced to buy or keep it by the representations of the obligor and recourse is lost on the assignor, the liability of obligor is created by his representations and not by the bond.
Haggin for plaintiff.
From that judgment he has appealed to this court.
Assuming the obligation to have been given in consideration of lottery tickets, as lotteries are interdicted by law, there is no question but the obligation is not only voidable, absolutely void. But as the consideration for which it was given is not apparent upon the face of the obligation, it is true, it became necessary for the appellees to impeach the obligation by special plea. Not, however, as was contended in argument, because the obligation was voidable only, but in abidance to the rules of pleading, to enable the court to decide upon its invalidity.
If the obligation is void, therefore it follows conclusively, that the replication furnishes no sufficient answer to the plea.
The subsequent assurances, alledged by the replication to have been made by the appellees, if induced by a valid consideration, may have imposed upon them a liability to the appellant; but then their accountability results not from any thing contained in the obligation, but from their promise to pay the assignee, and consequently, to obtain indemnity, the appellant should resort to his action upon the assumpsit made to himself, and not an action upon the void obligation given to his assigner.
The judgment must affirmed with cost.